UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MELISSA ERWIN, on her own behalf and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAMS-SONOMA, INC.,<br><br>Defendant. | CASE NO. 2:26-cv-01310-TL<br><br>ORDER TO SHOW CAUSE |

This matter is before the Court *sua sponte*. For the reasons stated below, the Court ORDERS Defendant Williams-Sonoma, Inc., to show cause as to why this case should not be remanded to Snohomish County Superior Court for lack of subject-matter jurisdiction.

## I.   BACKGROUND

This case is a proposed class action against Williams-Sonoma, Inc., who Plaintiff alleges has sent emails with false and misleading subject lines in violation of Washington's Commercial Electronic Mail Act ("CEMA"), Chapter 19.190 RCW, and Washington's Consumer Protection Act ("CPA"), Chapter 19.86 RCW. *See* Dkt. No. 1-3 (Complaint) ¶¶ 113–129. Plaintiff Melissa

ORDER TO SHOW CAUSE – 1

Erwin alleges that Defendant "spams Washington consumers, including Plaintiff, with commercial emails whose subject lines employ various tactics to create a false sense of urgency in consumers' minds—and ultimately, from consumers' wallets." *Id.* ¶ 5. For example, a representative allegation asserts:

> 50. On Monday, December 1, 2025, Defendant sent a commercial email to consumers with the subject heading: "LAST CALL to shop CYBER MONDAY [telephone emoji]."
>
> 51. But Cyber Monday was not the last opportunity for consumers to obtain the benefit of this promotion.
>
> 52. On Tuesday, December 2, 2025, Defendant sent another commercial email with the subject heading: "[bell emoji] CYBER MONDAY EXTENDED [bell emoji]".

*Id.* ¶¶ 50–52.

Plaintiff intends to pursue a class action on behalf of herself and "All Washington citizens holding an email address to which Defendant sent or caused to be sent any email listed in Exhibit A [to the Complaint] during the Class Period." *Id.* ¶ 102. Plaintiff seeks: (1) to permanently enjoin Defendant from engaging in the alleged unlawful conduct—i.e., the spamming; (2) actual or liquidated damages, trebled, according to proof; and (3) costs and reasonable attorney fees. *Id.* at 21–22.

On March 12, 2026, Plaintiff filed a class action complaint in Snohomish County Superior Court. *Id.* On April 16, 2026, Defendant removed the action to federal court, invoking this Court's subject-matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453(b). Dkt. No. 1 (notice of removal). On May 18, 2026, Defendant moved to compel arbitration, in accordance with a "broad arbitration clause" in the Terms and Conditions of Defendant's website. Dkt. No. 31 at 3.

## II.   DISCUSSION

"[B]oth the Supreme Court and [the Ninth Circuit] have held that whether or not the parties raise the issue, 'federal courts are *required* sua sponte to examine jurisdictional issues such as standing.'" *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008) (quoting *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2001)) (citation modified). "Removal of a civil action to federal district court is proper when the federal court would have original jurisdiction over the state court action." *Nuri v. True Religion Apparel*, No. C25-690, 2026 WL 319198, at *1 (W.D. Wash. Feb. 4, 2026) (citing 28 U.S.C. § 1441(a)). Where a case has been removed pursuant to CAFA, "the removing party must put forth evidence establishing jurisdiction if 'the court questions the defendant's allegations." *Id.* (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)) (citation modified).

"Standing is a necessary component of the court's subject matter jurisdiction; if a plaintiff lacks standing, the court lacks jurisdiction." *Rodriguez v. Old West Export, Inc.*, 711 F. Supp. 3d 1182, 1188 (E.D. Cal. 2024) (citing *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004)). Standing itself comprises three elements: injury in fact, traceability, and redressability. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). The party that seeks to invoke the Court's jurisdiction bears the burden of establishing standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

Relevant to the inquiry here, "[t]o establish Article III standing, an injury must be 'concrete, particularized, and actual or imminent[.]" *Clapper*, 568 U.S. at 409 (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)). "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). This requirement leads to two key conclusions: First, "[f]or an injury in fact to exist, a statutory violation must have 'caused a plaintiff to suffer some harm that "actually exists" in the

ORDER TO SHOW CAUSE – 3

world; there must be an injury that is "real" and not "abstract" or merely "procedural."'" *Nuri*, 2026 WL 319198, at *1 (quoting *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1112 (9th Cir. 2017)) (citation modified). Second, "a plaintiff does not 'automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *Robins*, 867 F.3d at 1112 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)).

Here, as the *Nuri* court explained under similar circumstances, although the Washington Supreme Court has endorsed the state legislature's identification of a party's injury in their "recei[pt] [of] the e-mail that violates CEMA," *Brown v. Old Navy, LLC*, 4 Wn.3d 580, 592, 567 P.3d 38 (2025), such injury does not necessarily satisfy this Court's injury-in-fact requirement. *See Nuri*, 2026 WL 319198, at *2. The Court, that is, "'cannot treat an injury as "concrete" for Article III purposes based only on the [state] legislature's say-so[.]'" *Id.* (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (2021)) (citation modified). The Supreme Court has succinctly explained, "[U]nder Article III, an injury in law is not an injury in fact." *TransUnion*, 594 U.S. at 427. And "[t]he Ninth Circuit has interpreted *TransUnion* to 'require a court to assess whether an individual plaintiff' claiming harm based on an intangible injury 'has suffered a harm that has traditionally been actionable in our nation's legal system.'" *Nuri*, 2026 WL 319198, at *2 (quoting *Popa v. Microsoft Corp.*, 153 F.4th 784, 791 (9th Cir. 2025)) (citation modified).

Upon reviewing Plaintiff's complaint, the Court questions whether Plaintiff has adequately pleaded an injury-in-fact that satisfies Article III standing. There is a "distin[ction] between 'redressing harms that defendants cause plaintiffs' and 'holding defendants accountable for legal infractions,'" and while the former represents grounds for standing in federal court, the latter does not. *See Nuri*, 2026 WL 864886, at *3 n.4 (quoting *TransUnion*, 594 U.S. at 427–

28)). "[W]hen a defendant removes a class action lawsuit and satisfies all of the requirements of CAFA removal, a federal court must remand the case to state court if the federal court determines that the plaintiffs lack Article III standing." *Kay v. Plaid Pantry, Inc.*, 768 F. Supp. 3d 1150, 1157 (D. Or. 2025).

### III.   CONCLUSION

Accordingly, Defendant is ORDERED to show cause as to why this case should not be remanded to Snohomish County Superior Court. Defendant's brief SHALL be filed **by July 23, 2026**. Further, Plaintiffs may file a response to Defendant's brief **by July 30, 2026**. Defendant's brief and Plaintiffs' response are each limited to 2,800 words. Should Defendant wish to file a reply, it SHALL be filed **by August 4, 2026.** Defendant's reply is limited to 1,500 words.


Dated this 9th day of July 2026.

Tana Lin
United States District Judge

ORDER TO SHOW CAUSE – 5