HONORABLE JUDGE TANA LIN

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| MELISSA ERWIN, on her own behalf and on behalf of others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>WILLIAMS-SONOMA, INC.,<br><br>        Defendant. | No. 2:26-cv-01310-TL<br><br>**PLAINTIFF'S STATUS REPORT AND DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f)** |

## I.    INTRODUCTION

Pursuant to this Court's April 23, 2026 Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement, Dkt. 16, and the May 12, 2026 Notice Re-Setting Deadline, Plaintiff Melissa Erwin ("Plaintiff") presents this Status Report, pursuant to Fed. R. Civ. P. 26(f). Plaintiff made multiple attempts to schedule a FRCP 26(f) conference before the July 21, 2026 deadline set forth in the Court's May 12, 2026 Notice Re-Setting Deadline, but Defendant refused to participate in a 26(f) conference. Plaintiff therefore submits this report. Because Defendant declined to participate in the Rule 26(f) conference, Plaintiff does not provide Defendant's positions, agreements, certifications, or scheduling conflicts. The proposals below reflect only Plaintiff's positions.

PLAINTIFF'S STATUS REPORT AND
DISCOVERY PLAN PURSUANT TO
FED. R. CIV. P. 26(f)
2:26-cv-01310-TL

- 1 -

Stranch, Jennings & Garvey, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801

## II.    PLAINTIFF'S STATUS REPORT

**1.    A statement of the nature and complexity of the case.**

This is a proposed class action case originally filed on March 12, 2026, in Washington Superior Court for Snohomish County (Case No. 26-2-02612-31). The case was removed to this Court by Defendant on April 16, 2026, Dkt. 1.

Plaintiff has pled claims against Defendant on behalf of herself and proposed class members under the Washington Commercial Electronic Mail Act ("CEMA"), RCW 19.190.020, and the Washington Consumer Protection Act ("CPA"), RCW 19.86.020. *See generally* Class Action Complaint, Dkt. 1-3. Plaintiff alleges, in summary, that Defendant engages in a pattern of spamming Plaintiff and putative class members with emails containing "false time scarcity" messages in the emails' subject headings, as to deals, sales and/or pricing on its products. *Id*. at ¶¶ 31-86. As pled by Plaintiff, these deceptive and/or false messages regarding the availability of deals or pricing violate CEMA's prohibition against knowingly sending emails that contain "false or misleading information in the subject line," which likewise constitutes a per se violation of the CPA. *Id*. at ¶¶ 120-129.

Defendant filed a Motion to Compel Arbitration on May 18, 2026. Dkt. 31. The Motion to Compel is fully briefed.

**2.    Consent to case assignment to magistrate judge.**

No.

**3.    Proposed deadline for amending the pleadings and joining additional parties.**

Plaintiff proposes that the deadline to amend the pleadings and join additional parties be **90 days** prior to the close of discovery.

PLAINTIFF'S STATUS REPORT AND          - 2 -          Stranch, Jennings & Garvey, PLLC
DISCOVERY PLAN PURSUANT TO                              223 Rosa L. Parks Avenue, Suite 200
FED. R. CIV. P. 26(f)                                              Nashville, TN 37203
2:26-cv-01310-TL                                              Tel.: (615) 254-8801

**4.      Proposed deadlines for class certification.**

Plaintiff anticipates filing a Motion for Class Certification of this matter, after the close of discovery. *See infra* No. 8.

Plaintiff proposes that the Motion be filed **30 days** after the close of discovery, with Defendant's response due on or before **45 days** after the Motion is filed, and Plaintiff's reply in further support due on or before **30 days** after the filing of a response.

**5.      For exempt cases only: A proposal for any relevant deadlines not discussed in this Order. Non−exempt cases shall simply state "N/A."**

N/A.

**6.      Discovery Plan pursuant to FRCP 26(f)(3).**

**A.  Initial disclosures.**

Plaintiff intends to serve her Rule 26(a)(1) initial disclosures prior to the August 3, 2026 deadline set forth in the May 12, 2026 Notice Re-Setting Deadline.

**B.  Subjects, timing, and potential phasing of discovery.**

Plaintiff seeks discovery regarding Defendant's email marketing campaigns, all interactions with Plaintiff, documents concerning Defendant's selection of subject headings for emails sent to Washington consumers, and records demonstrating that Defendant knew its emails were being sent to solicit consumers located in Washington. Additional discovery topics include (1) Defendant's knowledge of and involvement in the deceptive email practices alleged in the operative Complaint; (2) the identity and actions of agents of Defendant who were involved in crafting the practices alleged in the operative Complaint; (3) the scope and extent of the proposed Class; (4) all evidence relating to the email communications at issue; (5) all data showing how the

PLAINTIFF'S STATUS REPORT AND
DISCOVERY PLAN PURSUANT TO
FED. R. CIV. P. 26(f)
2:26-cv-01310-TL

- 3 -

Stranch, Jennings & Garvey, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801

email subject headings affected sales; (6) any defenses; and (7) related communications and records in Defendant's possession.

Plaintiff opposes any phasing of discovery as it is often impossible to differentiate what discovery relates to the merits and what relates to class certification (often because it's frequently both). Phasing can also be inefficient because it could mean that a person is deposed in the class certification phase and then again in the merits phase. It also frequently leads to more disputes and more burden on this Court to resolve those disputes. Plaintiff is willing to consider any request by Defendant to delay responding to specific requests or interrogatories until after class certification, but Plaintiff does not agree to a discovery plan that would provide for separate and discrete class and merits discovery phases.

Plaintiff believes discovery should be completed within ten (10) months of the Court's decision on Defendant's Motion to Compel Arbitration.

### C. Electronically stored information ("ESI").

Plaintiff anticipates that the Parties will submit a proposed Stipulated Order on Electronically Stored Information ("ESI") Protocol that will provide an agreed procedure for handling ESI in this matter, including proper methods of ESI production and preservation of discoverable information. Plaintiff anticipates that the Parties intend to use the Court's Model Protocol in submitting their stipulation.

### D. Privilege issues.

Plaintiff anticipates that the Parties will submit a proposed Stipulated Protective Order that will provide an agreed procedure for handling confidentiality designations in this matter, including inadvertent production of privileged and/or protected material. Plaintiff anticipates that the Parties will use the Court's model stipulated protective order in submitting their proposed stipulation, and,

PLAINTIFF'S STATUS REPORT AND DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f) 2:26-cv-01310-TL

- 4 -

Stranch, Jennings & Garvey, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801

if any changes are proposed to the model stipulated protective order, the Parties will abide by the Court's rules in submitting.

Plaintiff is unaware of any unique or specific issues of privilege in this case and will confer with Defendant in good faith on negotiating a Stipulated Protective Order. Plaintiff anticipates that the Parties will further agree to efficiently address assertions of privilege, including through the production of privilege logs.

**E. Changes to discovery limitations imposed under the Federal and Local Civil Rules or other proposed limitations on discovery.**

Plaintiff does not anticipate the need for any changes or limitations on discovery beyond those provided in the Federal Rules of Civil Procedure and the Local Rules and Orders of this Court. Plaintiff reserves the right to seek modifications in the future, including additional interrogatories or depositions if necessary.

**F. The need for any discovery−related orders.**

Plaintiff will seek Court intervention on discovery-related issues if necessary.

**7.     Plaintiff's views and proposals, by corresponding paragraph letters (A, B, etc.), on items set forth in Local Civil Rule 26(f)(1).**

**A. Prompt case resolution.**

The Parties have not yet conferred regarding early case resolution.

**B. Alternative Dispute Resolution.**

Plaintiff believes that private mediation may be appropriate in this case.

**C. Related cases.**

Plaintiff is unaware of any related cases pending before this Court or cases in other jurisdictions involving the specific issues in this case.

PLAINTIFF'S STATUS REPORT AND
DISCOVERY PLAN PURSUANT TO
FED. R. CIV. P. 26(f)
2:26-cv-01310-TL

- 5 -

Stranch, Jennings & Garvey, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801

**D.  Discovery management.**

Plaintiff intends to adhere to the discovery procedures as set forth in the Federal Rules of Civil Procedure and the Local Civil Rules. No discovery has been served to date. Plaintiff intends to take discovery concerning the claims and defenses asserted in the operative pleadings and to manage discovery efficiently. Plaintiff will request case management conferences as needed with the Court to move discovery forward.

**E.  Anticipated discovery sought.**

*See supra* No. 6(B). Plaintiff anticipates ESI discovery from Defendant. Plaintiff anticipates serving written discovery, exchanging expert reports, and taking fact and expert witness depositions. This includes individual and class wide discovery occurring simultaneously because discovery will overlap greatly, if not entirely.

**F.  Phasing motions.**

Plaintiff opposes any case-specific limitations on discovery or bifurcation of discovery by issue, as class certification and merits discovery are likely to overlap greatly, if not entirely, in this matter. *See supra* No. 6(B).

**G.  Preservation of discoverable information.**

*See supra* No. 6(C). Plaintiff is not presently aware of any issues concerning the preservation of discoverable information.

**H.  Privilege issues;**

*See supra* No. 6(D).

**I.  Model Protocol for Discovery of ESI.**

*See supra* No. 6(C).

PLAINTIFF'S STATUS REPORT AND DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f) 2:26-cv-01310-TL

- 6 -

Stranch, Jennings & Garvey, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801

**J.   Alternatives to the Model Protocol.**

Plaintiff will abide by the Local Civil Rule 26(f)(1)(J) if alternatives need to be made to the Model Protocol and will meet and confer with Defendant to agree on any alternatives submitted as a stipulation.

**8.      The date by which discovery will be completed.**

Plaintiff proposes that discovery should be completed within ten (10) months of the Court's decision on Defendant's Motion to Compel Arbitration.

**9.      Whether the case should be bifurcated, e.g., by trying the liability issues before the damages issues.**

Plaintiff opposes any case-specific limitations on discovery or bifurcation of discovery by issue, as class certification and merits discovery are likely to overlap greatly, if not entirely, in this matter. *See supra*, 6(B). Plaintiff does not propose bifurcation of trial by liability, damages, or any other issue.

**10.     Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k) and 16.1 should be dispensed with in whole or in part for economy.**

At this time, Plaintiff does not believe that the pretrial statements or pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k) and 16.1 should be dispensed with in whole or in part for economy. Plaintiff reserves the right to request appropriate modification if circumstances warrant.

**11.     Whether the parties intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2.**

At this time, Plaintiff does not intend to utilize the Individualized Trial Program pursuant to Local Civil Rule 39.2 because of the nature and complexity of this case.

PLAINTIFF'S STATUS REPORT AND
DISCOVERY PLAN PURSUANT TO
FED. R. CIV. P. 26(f)
2:26-cv-01310-TL

- 7 -

Stranch, Jennings & Garvey, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801

**12.     Whether the Parties intend to utilize any Alternative Dispute Resolution ("ADR") options set forth in Local Civil Rule 39.1.**

Plaintiff believes that private mediation may be appropriate in this case. If the Parties later agree to utilize any of the other ADR options set forth in Local Civil Rule 39.1, they shall promptly request such relief from the Court.

**13.     Any other suggestions for shortening or simplifying the case.**

None at this time.

**14.     The date the case will be ready for trial.**

Plaintiff anticipates that this case will be ready for trial within fourteen (14) months of the Court's decision on Defendant's pending Motion to Compel Arbitration. The need for additional time past the filing of this Report is for a few reasons. The first being the complexity of the issues of this case and need for extensive discovery on both liability and damages. Second, Plaintiff will move for class certification which will take a few months for the parties to brief, for the motion to be heard, and a decision entered by the Court. Third, Defendant filed a Motion to Compel Arbitration, which is fully briefed and will require a ruling from the Court. Plaintiff intend to push discovery and litigation in this case, but based on prior experience, Plaintiff anticipates that additional time will be necessary to complete discovery and prepare the case for trial.

**15.     Whether the trial will be jury or non−jury.**

Plaintiff has requested a trial by jury.

**16.     The number of trial days required.**

Plaintiff anticipates a jury trial lasting 7 days.

**17.     The names, addresses, and telephone numbers of all trial counsel.**

Counsel for Plaintiff:
Samuel J. Strauss

PLAINTIFF'S STATUS REPORT AND
DISCOVERY PLAN PURSUANT TO
FED. R. CIV. P. 26(f)
2:26-cv-01310-TL

- 8 -

Stranch, Jennings & Garvey, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801

Raina C. Borrelli, *pro hac vice* application forthcoming
STRAUSS BORRELLI, PLLC
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Tel.: (872) 263-1100
sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops, admitted *pro hac vice*
Natalie A. Lyons, admitted *pro hac vice*
Ian R. Bensberg, admitted *pro hac vice*
COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel.: (317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
ibensberg@cohenmalad.com

J. Gerard Stranch, IV, admitted *pro hac vice*
Michael C. Tackeff, admitted *pro hac vice*
Andrew Murray, admitted *pro hac vice*
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801
gstranch@stranchlaw.com
mtackeff@stranchlaw.com
amurray@stranchlaw.com

Based on appearances reflected on the docket, Counsel for Defendant include:
Robert J. Guite, WSBA No. 25753
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111
Telephone: 415.434.9100
Facsimile: 415.434.3947
rguite@sheppard.com

Jay T. Ramsey, admitted *pro hac vice*
P. Craig Cardon, admitted *pro hac vice*
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
1901 Avenue of the Stars, 16th Floor
Los Angeles, CA 90067
Telephone: (310) 228-3700

PLAINTIFF'S STATUS REPORT AND
DISCOVERY PLAN PURSUANT TO
FED. R. CIV. P. 26(f)
2:26-cv-01310-TL

- 9 -

Stranch, Jennings & Garvey, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801

Facsimile: (310) 228-3701
jramsey@sheppard.com
ccardon@sheppard.com

Dane C. Brody Chanove, admitted *pro hac vice*
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
dbrodychanove@sheppard.com

**18.    The dates on which Trial Counsel may have conflicts or other complications to be considered in setting a trial date.**

At this time, Plaintiff does not have any conflicts or other complications when setting a trial date. If a conflict or complication arises, Plaintiff is to immediately notify the Court.

**19.    If, on the due date of the Report, all Defendant(s) or Respondent(s) have not been served (or waived service), Counsel for Plaintiff(s) or Petitioner(s) shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.**

All named defendants have been properly served in this case.

**20.    Whether any party wishes a scheduling conference with the judge in advance of the Court's entry of a scheduling order in the case.**

Plaintiff does not request a scheduling conference before entry of the scheduling order. Plaintiff will participate if the Court determines that a conference would be beneficial.

**21.    List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Rule 7.1.**

Defendant filed its Rule 7.1 disclosure statement on April 16, 2026 Dkt. 2.

PLAINTIFF'S STATUS REPORT AND
DISCOVERY PLAN PURSUANT TO
FED. R. CIV. P. 26(f)
2:26-cv-01310-TL

- 10 -

Stranch, Jennings & Garvey, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801

FRCP 7.1 and Local Civil Rule 7.1 do not apply to individuals and thus do not apply to Plaintiff.

**22.     A certification that all Counsel and any pro se Parties have reviewed Judge Lin's Chambers Procedures, the Local Rules, General Orders, and the applicable Electronic Filing Procedures.**

Counsel for Plaintiff certify that all counsel for Plaintiff has reviewed Judge Lin's Chambers Procedures, the Local Rules, General Orders, and the applicable Electronic Filing Procedures.

_s/ Samuel J. Strauss_
Counsel for Plaintiff

**23.     A certification that all Counsel and any pro se Parties have reviewed and complied with Judge Lin's Standing Order Regarding 28 U.S.C. § 455 and Canon 3 of the Code of Conduct for United States Judges.**

Counsel for Plaintiff certify that all counsel for Plaintiff have reviewed and complied with Judge Lin's Standing Order Regarding 28 U.S.C. § 455 and Canon 3 of the Code of Conduct for United States Judges.

_s/ Samuel J. Strauss_
Counsel for Plaintiff

RESPECTFULLY SUBMITTED AND DATED this 22nd day of July, 2026, by:

STRANCH, JENNINGS & GARVEY, PLLC

_s/ Michael C. Tackeff_
Michael C. Tackeff, admitted _pro hac vice_
J. Gerard Stranch, IV, admitted _pro hac vice_
Andrew K. Murray, admitted _pro hac vice_
223 Rosa L. Parks Avenue, Suite 200

PLAINTIFF'S STATUS REPORT AND
DISCOVERY PLAN PURSUANT TO
FED. R. CIV. P. 26(f)
2:26-cv-01310-TL

- 11 -

Stranch, Jennings & Garvey, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801

Nashville, TN 37203
Tel.: (615) 254-8801
mtackeff@stranchlaw.com
gstranch@stranchlaw.com
amurray@stranchlaw.com

STRAUSS BORRELLI, PLLC

*s/ Samuel J. Strauss*
Samuel J. Strauss, WSBA #46971
Raina C. Borrelli*
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Tel.: (872) 263-1100
sam@straussborrelli.com
raina@straussborrelli.com

COHENMALAD, LLP
Lynn A. Toops, admitted *pro hac vice*
Natalie A. Lyons, admitted *pro hac vice*
Ian R. Bensberg, admitted *pro hac vice*
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel.: (317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
ibensberg@cohenmalad.com

**\*Applications for admission *pro hac vice* forthcoming**

***Attorneys for Plaintiff and the Proposed Class***

## CERTIFICATE OF SERVICE

I, Michael C. Tackeff, hereby certify that on May 28, 2026, I caused the foregoing to be electronically filed with the Court using the Court's CM/ECF system which will send an electronic copy to all parties and/or their counsel of record.

DATED this 22nd day of July, 2026.

*s/ Michael C. Tackeff*
Michael C. Tackeff, admitted *pro hac vice*

PLAINTIFF'S STATUS REPORT AND
DISCOVERY PLAN PURSUANT TO
FED. R. CIV. P. 26(f)
2:26-cv-01310-TL

- 12 -

Stranch, Jennings & Garvey, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801